Michael W. Flanigan
FLANIGAN & BATAILLE
1007 W. 3rd Ave., Ste. 206
Anchorage, Alaska, 99501
Telephone: (907)-279-9999
Facsimile: (907) 258-3804
E-Mail: mflanigan@farnorthlaw.com
ATTORNEY FOR THE PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT TUFI,<br><br>              Plaintiff,<br><br>vs.<br><br>ALTA STRIPING EQUIPMENT, INC.<br><br>              Defendant | Case No. 3:19 -cv-00008-JWS<br><br>**MOTION TO COMPEL DEPOSITIONS** |

Comes now the Plaintiff, by and through counsel, Flanigan & Bataille, and moves this Court to order the Defendant to produce its expert witnesses for deposition, pursuant to FRCP 37. Plaintiff's counsel certifies that it has conferred with Defendants' counsel and has been unable to resolve this matter prior to the filing of this motion.

**RELEVANT FACTS**

This case involves burns received by the Plaintiff, an employee of Specialized Paving Marking, Inc., when 400+ degree plastic was ejected unexpectedly from the top of the kettle, bending the lid of the kettle of an ALTA hot plastic road striping machine,

**MOTION TO COMPEL EXPERT DEPOSITIONS**
*Tufi v. Alta Striping Equipment, Inc.* Case No. 3:19-cv-00008-JWS    PAGE 1 OF 7

allowing the plastic to be sprayed onto the Plaintiff. The machine works by holding melted plastic in a kettle, which has a line leading down to a shoe, which sprays hot plastic on pavement. In order to clear the line and shoe once the job is done, air pressure is applied to the line by way of a "blow-down" switch. (Exhibit 1, Alta Deposition, pages 24-30). As part of initial discovery efforts, Plaintiff sent to the Defendant questions about the machine. Defendant's responses indicated that a "blow-down" switch played a part in the injury to the Plaintiff. Interrogatory No. 2 asked ALTA to describe any modifications to the striping machine involved in Plaintiff's accident. Defendants' response was as follows:

> **Response to Interrogatory No. 2:**
> In approximately October 2017, the following modifications were made and installed in all ALTA striping machines: The blow down switch was changed from a maintained position to momentary position switch, and a red safety cover was installed over the switch. The (kettle) lid cover was also reinforced.
> A picture of the replaced switch was also provided (ALT 285).

Interrogatory No. 6, asked what the Defendant had done to assure similar accidents did not occur in the future. Defendant's response was as follows:

> **Response to Interrogatory No. 6:**
> See response to Interrogatory No. 2

(Exhibit 2, Defendant's responses to Interrogatories 2 & 6)

Interrogatory No. 9 asked for the Defendant's understanding of how the accident to Plaintiff occurred. Defendant's response was as follows:

> **Response to Interrogatory No. 9**
> We believe that the blow down switch may have been inadvertently turned on, which pressurized the main material line, and that when the main valve was then opened, the pressurized air blew back through the

MOTION TO COMPEL EXPERT DEPOSITIONS
*Tufi v. Alta Striping Equipment, Inc.* Case No. 3:19-cv-00008-JWS    PAGE 2 OF 7

Case 3:19-cv-00008-JWS   Document 43   Filed 04/01/21   Page 2 of 7

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

kettle blowing hot thermoplastic material out of the kettle. The source of the information is based with discussions with Warren House (Operator and Trainer, Specialized Paving Marking, Inc.) and Chuck Wolf, (General Manager, Alta Striping Equipment)

(Exhibit 3, Defendant's response to Interrogatories 9).

Plaintiff followed up the interrogatories with the 30(b)(6) deposition of ALTA Stripping Equipment, Inc. The defendant designated the president of the company, Mark Price, to testify on behalf of the company.[1] Price affirmed that all ALTA plastic stripping machines had been modified after Plaintiff's accident by replacing the maintained blow down switch with a momentary one. Price explained that he momentary switch was spring loaded so that it had to be held in the on position and would return to the off position when released.[2] Price also testified that the machine's instructions were changed after the accident to refer to the momentary switch.[3] Price also testified that the company concluded the accident was caused by the blowdown switch being inadvertently on allowing air pressure to flow into the kettle full of hot plastic, causing the plastic to be ejected from the top of the kettle, so ALTA replaced the maintained blowdown switch with a momentary one, placed a red cover over it, replaced the kettle lid with a reinforced one and changed the

---

[1] Exhibit 1, Price Deposition at page 1
[2] Exhibit 1, Price Depo at pages 12-13
[3] Exhibit 1, Price Depo at pages 16-18

**MOTION TO COMPEL EXPERT DEPOSITIONS**
*Tufi v. Alta Striping Equipment, Inc.* Case No. 3:19-cv-00008-JWS    PAGE 3 OF 7

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

instructions to reflect the need to make sure the blowdown switch is off during start up procedures.[4]

Based on that discovery, it appeared that the case involved a straightforward product design case, about the failure to have the momentary blowdown switch and reinforced kettle lid in the first place. Then the Defendants disclosed the reports of Defendants' retained experts: PE Farnum and PE Ornstein on 12/16/20. (Doc 40). Expert Farnam's report says that the blowdown switch could not have been left on, because the machine was equipped with a momentary blowdown switch, which is contrary to the Defendant' discovery responses and the Defendant's 30(b)(6) deposition testimony. (Doc 40-1 at pages 7-8, rebuttal opinions #1 & 2 and page 9, rebuttal opinions 1 & 2). Expert Ornstein opined the machine was not defective, (Doc 40-5, second bullet point at page 4, but does not discuss the blowdown switch, claiming the accident was solely due to employer/employee error.

Because Defendants two expert reports, either denied or dodged the blowdown switch problem admitted to by the Defendant in discovery responses and at the Defendants' 30(b)(6) deposition, Plaintiffs' counsel requested to take Defendants' expert depositions on January 18, 2021 (Exhibit 4, 1/18/21 email). When no response was received, Plaintiff's counsel called Defense counsel on February 9, 2021 about scheduling expert depositions. Defense counsel suggested an

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

---

[4] Exhibit 1, Price Depo at pages 33-39

**MOTION TO COMPEL EXPERT DEPOSITIONS**
*Tufi v. Alta Striping Equipment, Inc.* Case No. 3:19-cv-00008-JWS     PAGE 4 OF 7

extension of the discovery deadline which Plaintiff's counsel agreed to if we could get dates for the expert depositions, which agreement was confirmed by email. (Exhibit 5, email string, starting at the bottom of the string). Thereafter, Plaintiff's counsel's paralegal managed to get dates for Defendants' expert depositions to occur on April 5 & 6. (Exhibit 4, emails dated 2/10, 2/12, 2/16), The a snag occurred, Pursuant to the Court's Orders, Plaintiff's counsel was proposing all the expert depositions be accomplished using Zoom technology, but Defendant's counsel wanted to do the depositions in person. Plaintiff's counsel refused to do his experts depositions in person, consistent with the Court's Orders. Thereafter Defendant's counsel refused to go forward with the agreed to depositions in April, because of the disagreement to do in person depositions. (Exhibit 4, emails dated 2/17, 2/18, 2/25, 3/3, 3/10 & Exhibit 5, emails dated 3/13, 3/17). Having reached an impass, Plaintiff noticed up the depositions of Defendant's experts for the previously agreed dates in April on March 11, 2021 (Exhibit 6, Notice of Depositions of Defendant's Experts).

Recently, after the notices of the Defendants experts were sent out, defense attorney advised his experts would not show up for their zoom depositions at the scheduled times, unless the Plaintiff agreed to in-person depositions of Plaintiff's expert witnesses, alternatively Defendant wants to keep postponing the depositions apparently until the pandemic is over.

**MOTION TO COMPEL EXPERT DEPOSITIONS**
*Tufi v. Alta Striping Equipment, Inc.* Case No. 3:19-cv-00008-JWS     PAGE 5 OF 7

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

There is no basis for such a position. The newest Order from this Court 21-09, dated 3/31/21, at page 8, states:

> 5. Outside of Court proceedings, parties to civil matters are encouraged to proceed by telephone or video conference where practicable. Depositions scheduled to occur before *May 3, 2021*, <u>should proceed via video conference, unless the parties otherwise agree</u> or the Court orders otherwise. Any disputes concerning scheduling or virtual accommodations may be resolved by application to the Court.
> 6. Judges may otherwise take such actions as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties.

Plaintiff has good cause to take the depositions of Defendants' experts and has been requesting dates for zoom depositions in January. Dates in April, were already agreed upon and noticed out on March. The Court is requested to Order the Defendants to provide their experts for deposition on the dates and times previously agreed to, or alternatively bar them from testifying at trial.

DATED THIS 1st DAY OF April, 2021.

          FLANIGAN & BATAILLE
          ATTORNEYS FOR PLAINTIFF

          /s/ <u>Michael W. Flanigan</u>
          Alaska Bar No. #7710114
          1007 W. 3rd Ave., Ste 206
          Anchorage, Alaska, 99517-1014
          (907) 279-9999 Phone
          (907) 258-3804 Fax
          E-Mail: mflanigan@farnorthlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading
was served on the 1ST day of April, 2021
by way of the Court's ECM system on the following:

John J. Tiemessen
Clapp, Thorsness, Tiemessen & Johnson LLC
411 Fourth Avenue, Suite 300
Fairbanks, Alaska, 99701
E-Mail jjt@cplawak.com

_____/s/ Michael Flanigan _____

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

**MOTION TO COMPEL EXPERT DEPOSITIONS**
*Tufi v. Alta Striping Equipment, Inc.* Case No. 3:19-cv-00008-JWS    PAGE 7 OF 7